In the Matter of BARRY WINE Co., INC., Appellant. EDWARD CORSI, as Industrial Commissioner, Respondent.— An appeal by an employer from a decision of the Unemployment Insurance Appeal Board which sustained the initial determination of the Industrial Commissioner holding the employer liable for contributions in the sum of $369.58, based upon wages received by employer's president who acted as a salesman. The board approved of the findings of fact as made by the referee but rejected his conclusion of law that the employer was not liable for contributions. Appellant was incorporated in the State of New York and has a wholesale and retail sacramental wine business here. Its executive offices are located at 54 Park Place, New York City, and

it has five or six employees who perform their services wholly in New York. It also has wholesale licenses to sell sacramental wine in New Jersey and Pennsylvania. It obtains its wine in barrels from California and blends and bottles it in New York. No bottling is done in Pennsylvania, but it is distributed for its customers there from the city of Philadelphia. Appellant's president acts as a salesman for the corporation. During the period in issue he sold wine in New York, Pennsylvania and some other States. The referee found that he devoted approximately 60% of his time to selling activities in the State of Pennsylvania, and 40% of his remaining time was devoted between selling and other duties in New York and in other States. He is a resident of New York. The statute involved is section 511 of the Unemployment Insurance Law (Labor Law, art. 18). The precise issue involved is whether the services rendered by appellant's president constituted employment within the meaning of subdivision 3 of the statute. This subdivision defines employment as including a person's entire service performed both within and without the State, provided it is not localized in any State and some of the service is performed in this State. Subdivision 2 of the same statute provides that service is deemed localized within the State if it is performed entirely within the State or is performed both within and without the State but that performed without the State is incidental to the person's service within the State. It is apparent from the finding of the referee, which was adopted by the board, that the employee's services in this case were not localized in any one State. Paragraph (a) of subdivision 3 provides that employment is covered in this State if the person's base of operations is here. There was no finding by either the referee or the board as to where the employee's base of operations was located, although the record would seem to point clearly to the fact that it was located in this State. Paragraph (b) provides that if there is no base of operations in any State in which some part of the service is performed the employment is covered here if the service is directed or controlled in this State. In this case the board made a finding that the place from which the employee's services were directed or controlled was in New York. The evidence amply sustains that finding (*Matter of Mallia* [*Corsi*], 273 App. Div. 391, affd. 299 N. Y. 232). The executive offices of the corporation were in New York; the payrolls were made up there and the salaries of the employees were paid from here. While on the road the president contacted the New York office, and it is a fair inference that he did so for the purpose of obtaining instructions. These circumstances indicate direction and control from the New York office, and none of these facts appear to have been applicable to the Pennsylvania office. It appears that the employer paid contributions under the Pennsylvania Unemployment Compensation Law, apparently on a voluntary basis. This payment, whatever may have been its motive, does not preclude the Industrial Commissioner of this State from collecting contributions under the circumstances. Decision unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.